# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Covington Division

| | |
|---|---|
| Darrell Hagan | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| Midland Funding, LLC | ) |
| *Defendant* | ) |
| Serve: | ) |
| Corporation Service Company | ) |
| 421 W. Main Street | ) |
| Frankfort, KY 40601 | ) |
| | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*      \*      \*      \*      \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.      Plaintiff Darrell Hagan is a natural person who resides in Boone County, Ky.  Mr. Hagan is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5.      Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6.       On May 9, 2011, Midland filed a complaint against Mr. Hagan in the Boone Circuit Court of Boone County, Kentucky under case number 11-CI-01090 (the "State Court Lawsuit").

7.       Midland's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card debt that was used solely for personal, family, or household purposes, which makes the credit card debt at issue a "debt" within the meaning of the FDCPA.

8.       Midland moved for and was granted a default judgment in the State Court Lawsuit on June 24, 2011 (the "Default Judgment").

9.       A true and accurate copy of Midland's Default Judgment is attached as Exhibit "A."

10.      The Default Judgment provides in pertinent part:

### DEFAULT JUDGMENT

This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant(s), having been duly summoned, has/have failed to file answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant(s) is/are not in the military service of the United States.

It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant(s) Darrell Hagan the sum of $5,479.24, with interest thereon at the rate of 8% per annum from November 30, 2009 until date of judgment with 12% per annum thereafter until paid  plus court costs, for all of which it may have execution.

There being no just cause for delay, this is a final and appealable Order.

Entered this 24th day of _____ June _____, 2011.

11.      While the Default Judgment awards "court costs" to Midland, no amount of court costs is included or set forth in the Default Judgment.

12.      Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

13.    The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

14.    If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

15.    Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc*., 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

16.    Omitted court costs are treated as an open account under Kentucky law subject to a five-year statute of limitations. *Causey v. Cohron*, 216 Ky. 164, 165, 287 S.W. 544, 544 (1926) (holding that because "there was no judgment for costs in the original suit the claim for costs was a mere open account against which the statutes of limitation have run, barring and tolling the same five years after…the date of the judgment"). Accord *Bell County v. Minton*, 239 Ky. 840, 845, 40 S.W.2d 379, 382 (1931).

17.    On November 28, 2016—over five years *after* the Boone Circuit Court entered the Default Judgment in the State Court Lawsuit—Midland filed a Bill of Costs in the State Court Lawsuit.

18.    Midland did not file its Bill of Costs in the State Court Lawsuit within a reasonable time.

19.    On or about November 28, 2016, Midland served a wage garnishment on Mr. Hagan's employer (the "Wage Garnishment").

20.    A true and accurate copy of the Wage Garnishment is attached as Exhibit "B."

21.     The Wage Garnishment provides in pertinent part:



Exhibit "B."

22.     Upon information and belief, the "Amount Due" of $9,887.22 includes self-awarded court costs that Midland has no legal right to recover from Mr. Hagan.

23.     The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

24.     Midland violated the FDCPA by **(i)** including court costs in the amount due in the Wage Garnishment where no timely Bill of Costs was filed in the State Court Lawsuit; **(ii)** falsely representing the amount due in the Wage Garnishment; and **(iii)** attempting to collect more under the Default Judgment that it had any legal right to collect from Mr. Hagan.

## <u>Claims for Relief</u>

**I.      Violations of the FDCPA**

25.     The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Darrell Hagan requests that the Court grant him the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

-4-

5.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com